UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DEBENEDETTO,

    Petitioner,                           Civil No. 5:12-CV-13101
                                            HONORABLE JOHN CORBETT O'MEARA
v.                                          UNITED STATES DISTRICT JUDGE

J.S. WALTON,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Gary Debenedetto, ("Petitioner"), who is presently confined at the Metropolitan Correctional Center in Chicago, Illinois but was previously confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [1] In his *pro se* application, petitioner challenges his pending federal prosecution in the United States District Court for the Northern District of Illinois for Interstate Communications-Threats. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**.

### I. Background

Petitioner is currently charged with the above offense in a case pending in the United States District Court for the Northern District of Illinois. Petitioner was

---

[1] When petitioner filed his habeas application, he was incarcerated at the Federal Correctional Institution in Milan, Michigan. According to the BOP's Inmate Locator-which may be accessed through its official website (www. bop. gov), and of which this Court may take judicial notice, *See Marshek v. Eichenlaub,* 266 Fed.Appx. 392 (6th Cir. 2008), petitioner has since been transferred to the Metropolitan Correctional Center in Chicago, Illinois.

apparently arrested somewhere in the United States District Court for the Eastern District of Michigan. On April 11, 2012, a Petition for Transfer under Rule 5(c)(3) was filed with the United States District Court for the Eastern District of Michigan. That same day, petitioner was brought before Magistrate Judge R. Steven Whalen for an initial appearance. An order of temporary detention was signed that day by Magistrate Judge Whalen. On April 12, 2012, a pre-trial detention hearing was conducted before Magistrate Judge Whalen, after which he ordered petitioner detained pending trial. On April 26, 2012, Petitioner waived his right to a Rule 5 and a Rule 5.1 hearing. That same day, Magistrate Judge David R. Grand signed an order transferring petitioner to answer to charges in the United States District Court for the Northern District of Illinois. *See United States v. Debenedetto,* U.S.D.C. No. 2:12-mj-30240-JU-1. [2] Petitioner has now been transferred to the Metropolitan Correctional Center in Chicago, Illinois. Petitioner's case remains pending in the United States District Court for the Northern District of Illinois. *See United States v. Debenedetto,* U.S.D.C. No. 12-CR-199 (N.D. Ill.).

Petitioner has now filed a petition for writ of habeas corpus. Petitioner's claims are difficult to discern, but it appears that he is claiming that the court did not provide him with a post-arrest probable cause hearing and that petitioner was not extradited to the Northern District of Illinois in a timely manner. Petitioner is also possibly challenging

---

[2] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

the validity of the pending criminal charges.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

3

In the present case, petitioner has filed a habeas petition to challenge his pending federal prosecution in the United States District Court for the Northern District of Illinois. It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. February 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. October 11, 1991). With the exception of petitioner's pre-trial detention and extradition claims, petitioner's claims would be dispositive of his pending federal criminal charges and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

Petitioner also claims that he was not provided with a pre-trial hearing to determine whether there was probable cause for him to answer to the charges. Petitioner's claim is without merit. A pre-trial detention hearing was conducted before Magistrate Judge R. Steven Whalen on April 12, 2012, after which petitioner was ordered detained pending trial. Under the terms of the Bail Reform Act, the Government must establish at a pre-trial detention hearing that there is probable cause to believe that the

defendant committed one of a number of enumerated offenses in order to justify the pre-trial detention of the defendant. *See U.S. v. Salerno,* 481 U.S. 739, 750 (1987); 18 U.S.C. § 3142(e). The pre-trial detention hearing in this case satisfied the requirement under *Gerstein v. Pugh*, 420 U.S. 103 (1975) that a probable cause hearing be conducted in order to justify the pre-trial detention of petitioner.

Petitioner also cannot challenge Magistrate Judge Whalen's pre-trial detention order in his habeas petition, because the appropriate vehicle for petitioner to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. *See Whitmer v. Levi,* 276 Fed. Appx. 217, 219 (3rd Cir. 2008).

Petitioner lastly claims that he was not extradited back to the State of Illinois within thirty days, as required by the provisions of the Federal Extradition Act, 18 U.S.C. § 3182.

Petitioner is not entitled to habeas relief on this claim, because petitioner has already been transferred back to the Northern District of Illinois. Because petitioner has already been returned to the Northern District of Illinois, his right to challenge the failure to comply with the Federal Extradition Act is moot because he is no longer being detained in this district, thus, the legality of his detention is no longer at issue. *See e.g. Barton v. Norrod*, 106 F. 3d 1289, 1298 (6th Cir. 1997). Accordingly, the petition for writ of habeas corpus shall be denied.

### III. ORDER

5

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

 s/John Corbett O'Meara
 United States District Judge

Date:  July 26, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 26, 2012, using the ECF system and/or ordinary mail.

 s/William Barkholz
 Case Manager